**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 18-cv-2934
_____

CAROLYN ANDERSON,

                              Plaintiff,

v.

COLORADO MOUNTAIN NEWS MEDIA, CO., a
Nevada Corporation authorized to conduct business in
Colorado, and
RANDY WYRICK,
                              Defendants.
_____

**COMPLAINT AND JURY DEMAND**

Plaintiff CAROLYN ANDERSON brings this Complaint against Defendants

COLORADO MOUNTAIN NEWS MEDIA, CO. and RANDY WYRICK and alleges

as follows:

**SUMMARY**

1.      Plaintiff is suing for the defamation caused directly and indirectly by

the Defendants' publication of the false, malicious and reckless article in its *Vail*

*Daily* newspaper on November 16, 2017 (hereinafter referred to as the "Vail-

widow-sued-for-scam article"), with the boldface, banner headline on the front

page, a teaser, a spot reserved for momentous stories, located just under the

newspaper's masthead and running the full width of the page to attract attention,

as follows:

# "Vail widow sued for scam"

and the strapline, written beneath the main headline, was used to amplify a main point

of the banner headline, stating the further point as follows:

"Securities and Exchange Commission lawsuit claims – woman
and now deceased husband defrauded investors of $5.3M." A3

and, thereafter, the jump on Page A3 had a new boldface banner headline:

# "Vail widow accused of securities fraud"

and then with the article headline:

> "Carolyn Anderson sued
> by SEC and investigated
> by Vail police for alleged
> ponzi scheme"

with the byline of Randy Wyrick, a Staff Writer, who wrote the following lede and

second paragraph:

> "  VAIL – A federal financial watchdog is suing the widow of a
> former Vail resident, saying she was part of her deceased
> husband's ponzi scheme.
>   The Securities Exchange Commission sued Carolyn
> Anderson in Denver District Federal Court claiming that she
> and husband Michael Anderson scammed 18 investors out of
> more than $5.3 million between March 2014 and his death on
> Feb 27, 2017.   Many of these people considered the
> Anderson's to be close friends, the SEC said. "

2.    The gist of each of the preceding statements of fact is false and appears

calculated to heighten the dramatic impact of the story; to increase distribution,

advertising sales and/or for career enhancement by sensationalizing a scandalous

situation with false and inflammatory statements implicating civil and criminal misconduct

in a grossly irresponsible manner without due consideration for the ordinary standards of

information gathering and dissemination ordinarily followed by responsible parties and

were actually malicious because the Defendants published defamatory statements with

a reckless disregard of the truth or used slipshod or sketchy investigative and verification techniques.  The various other parts of the Vail-widow-sued-for-scam article contain similar statements that falsely reinforce the defamatory statements that appear in the headlines and introduced the article to the public.

3.     These statements and accusations alleging civil and criminal misconduct with conduct, character and actions incompatible with the proper exercise of his lawful business, trade, profession are categorically false, malicious and reckless and are disproved by publicly available information which was in the knowledge and possession of the Defendant Colorado Mountain News Media, Co., and the writer Randy Wyrick, as well as being available to the editors and supervisors who reviewed and approved of the substance, the nature and placement of the Vail-widow-sued-for-scam article.

4.     Indeed, the SEC Complaint was explicit that Carolyn Anderson had no participation in the business conducted by her "now-deceased" husband. Although the SEC made detailed allegations of wrongdoing against Mike Anderson, the Complaint specifically excludes Ms. Anderson from any fraudulent conduct.  The complaint does not allege that Ms. Anderson violated the Securities Act of 1933, the Exchange Act of 1934, SEC Rule 10b-5 or otherwise engaged in any actionable misconduct.  She was not sued for "securities fraud" or with participating in any fraudulent conduct perpetrated by Mike Anderson.

5.     There was no legitimate basis for the preceding statements of fact and the publication of each of these statements of fact constitutes libel *per se* because it disgraces the plaintiff, exposes her to public scorn and shame, and holds her up to ridicule and

contempt especially with the use of the word "scam," "securities fraud" and "ponzi scheme," each having a criminal connotation, which is reinforced by the accompanying article which falsely expanded on the false claim that Ms. Anderson actively participated in the securities fraud scheme and was not an accurate, complete, or fair abridgement of an occurrence reported in an official action, proceeding, or public meeting that dealt with a matter of public concern and evidence of a reckless and willful disregard for the truth, and thus was evidence of actual malice.

6.     After seeing and reading the *Vail Daily* article, Carolyn Anderson suffered great fear, anxiety and emotional distress as well as significant harm to her character and reputation and mental suffering for herself and her children, among those in Vail and elsewhere and having a justifiable fear that the people in her new Florida home would hear about these false and scandalous accusations and believe them to be true, especially since it mischaracterizes Ms. Anderson as guilty of fraudulent conduct and who was immoral and willing to scam her close friends and serious enough to attract the attention of SEC and the Vail police.

7.     The *Vail Daily*, in digital form, dated November 16, 2017, is displayed at  https://edition.pagesuite.com/html5/reader/production/default.aspx?pubname=&edid=aaea8509-c0b7-4a5f-9dd3-030c5d7b3865

## THE PARTIES

8.     Plaintiff Carolyn Anderson is an individual, a non-public figure and a citizen of Florida.

9.     Defendant Colorado Mountain News Media, Co. is a privately held Nevada Corporation authorized to conduct business in Colorado with its headquarters in Carson City, Nevada and which publishes the *Vail Daily* newspaper that published

the false and defamatory Vail-widow-sued-for-scam article about Carolyn Anderson on its website and in its November 2017 print edition of the tabloid newspaper.

10. Defendant Randy Wyrick is a journalist and was a staff writer for Vail Daily who is a citizen of Colorado who authored and published the defamatory article in November 2017 that falsely accused Carolyn Anderson of civil, fraudulent and criminal misconduct.

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a)(1) because there is complete diversity of citizenship and the amount in controversy exceeds $75,000 exclusive of interest and costs.

12. Venue is proper in the District of Colorado pursuant to 28 U.S.C. § 1391. All defendants either reside or are employed in and may be found in the District of Colorado and a substantial part of the events giving rise to these claims occurred in this district.

## THE DEFAMATORY STATEMENTS WERE FALSE

13. Colorado Mountain News Media, Co. and Randy Wyrick, through the *Vail Daily*, published a series of false statements of fact in its Vail-widow-sued-for-scam article that were calculated to confirm a completely inaccurate thesis that Carolyn Anderson was part of the "investment scheme" that defrauded her close friends and was guilty of conduct was illegal, improper, fraudulent, immoral and criminal.

14. The Defendants published the defamatory Vail-widow-sued-for-scam article in a manner calculated to create the biggest impact with the widest distribution and actual malice can be found if Defendants published defamatory statements with a

reckless disregard of the truth and used slipshod or sketchy investigative techniques.

15.     The *Vail Daily* of November 16, 2017 made statements of fact which includes, but is not limited to, the allegations identified from Paragraph 13 through Paragraph 26.

16.     As Libel Per Se, Defendants published the November 16, 2017 edition of the Vail Daily, the Vail-widow-sued-for-scam article written with an apparent bias against Carolyn Anderson; cherry picked some information identified in the SEC Complaint, but these Defendants phrased those anecdotes against Ms. Anderson and recharacterized them to support its defamatory thesis of this entire defamatory publication as alleged herein.

17.     As Libel *Per Se*, Defendants published that Plaintiff was the "Vail widow sued for scam."

18.     As Libel *Per Se*, Defendants published that Plaintiff was the person "Securities and Exchange Commission lawsuit claims – woman and now deceased husband defrauded investors of $5.3M."

19.     As Libel *Per Se*, Defendants published that Plaintiff was the "Vail widow accused of securities fraud."

20.     As Libel *Per Se*, Defendants published that "Carolyn Anderson sued by SEC and investigated by Vail police for alleged ponzi scheme."

21.     As Libel *Per Se*, Defendants published that "A federal financial watchdog is suing the widow of a former Vail resident, saying she was part of her deceased husband's ponzi scheme."

22.    As Libel *Per Se*, Defendants published that "The Securities Exchange Commission sued Carolyn Anderson in Denver District Federal Court claiming that she and husband Michael Anderson scammed 18 investors out of more than $5.3 million between March 2014 and his death on Feb 27, 2017." The last sentence of this paragraph contained the false and provocative phrase that "Many of these people considered the Anderson's to be close friends, the SEC said."

23.    As Libel *Per Se*, Defendants published that the SEC says that the $2 million life insurance received by Carolyn Anderson was purchased with the scammed money.

24.    As Libel *Per Se*, Defendants published that Carolyn Anderson scammed Baltimore Ravens tight end Quinn Sypniewski when it knew or should have known that the Vail PD's investigative report of Sypniewski's interview, Officer Joseph Schreiner reported that:

> "After gathering this information, I asked Mr. Sypniewski if Ms. Anderson has anything to do with either the foundation or the partnership. Mr. Sypniewski advised she does not and acts as a shell so that Mr. Anderson can operate both entities. According to Mr. Sypniewski, Mr. Anderson signed a non-competition clause when he sold a financial business in 2008 so he uses his wife as a head for his business ventures."

25.    As Libel *Per Se*, Defendants published that Carolyn Anderson had operated under "multiple aliases" that she had a criminal record.

26.    As Libel *Per Se*, Defendants published that SEC attorney Leslie Hughes is charging Carolyn Anderson with securities fraud.

27.    These statements and accusations alleging civil and criminal misconduct are categorically false, malicious and reckless and are disproved by publicly available information which was in the knowledge and possession of Defendant Colorado Mountain News Media Co., writer Randy Wyrick, as well as

available to the editors and supervisors who reviewed and approved of the nature and placement of the article.

28.    Indeed, the SEC Complaint was explicit that Carolyn Anderson had no participation in the business conducted by her "now-deceased" husband. Although the SEC made detailed allegations of wrongdoing against Mike Anderson, the Complaint specifically excludes Ms. Anderson from this fraudulent conduct.  The complaint does not allege that Ms. Anderson violated the Securities Act of 1933, the Exchange Act of 1934, SEC Rule 10b-5 or otherwise engaged in any actionable misconduct involving securities fraud.  She was not sued for securities fraud or with participating in the fraudulent conduct of Mike Anderson.

29.    Indeed, the SEC Press Release in the possession of the Defendants contains information directly contradicting the statements of fact which were published by the Defendants in the Vail-widow-sued-for-scam article which defamed Carolyn Anderson.

30.    The Defendants published a substantially inaccurate report of the official record, in that it fails to convey the essence of the official record to the ordinary reader, by affirmatively misleading the reader by the inclusion of inaccurate, extra-record information, or the exclusion of relevant information in the record and the Defendants acted in a grossly irresponsible manner without due consideration for the standards of information gathering and dissemination ordinarily followed by responsible parties.

## REPUBLICATION OF THE DEFAMATORY STATEMENTS

31.    The Defendants were aware that the publication of these defamatory statements and their widespread distribution, especially in Vail, Colorado, were

provocative and were calculated to notify the general public, as well as the investors, and made the statements of fact made with such certainty in the Vail-widow-sued-for-scam article that it created the misimpression that the statements of fact were true and was information upon which they can rely.

32.    The Defendants, because of the conclusive statements of fact and defamatory thesis against Carolyn Anderson, had reason to foresee that the defamatory article was provocative and would be redistributed and republished by others, including newspapers and other persons, especially the investors who were defrauded by the investment scheme identified in the SEC complaint and who were emboldened to republish the Vail-widow-sued-for-scam article.

33.    The Defendants structured the article in a manner consistent with the idea that repetition was authorized or intended, or that repetition was reasonably to be expected and foreseeable, especially since they disclosed, unnecessarily, that the now infamous Carolyn Anderson had moved to Ponte Vedra, Florida.

34.    The Defendants intended to send a special message to the investors when it published the following paragraph:

> The Securities and Exchange Commission sued Carolyn Anderson in Denver District Federal Court last week, claiming that she and husband Michael Anderson scammed 18 investors out of more than $5.3 million between March 2014 and his death on Feb. 27, 2017. Many of those people considered the Andersons to be close friends, the SEC said.

35.    Upon information and belief, the several investors who were close friends and sophisticated securities investors, were also aware that Carolyn Anderson had nothing to do with, and had no knowledge or participation in, Mike Anderson's investment business.

36.     The Defendants knew, and it was reasonably foreseeable, that the *Vail Daily* article, with its defamatory thesis and bias against Carolyn Anderson and which published aggressively concrete statements of fact that characterizes Carolyn Anderson as dishonest, immoral, fraudulent and criminal would likely create anger and feelings of retribution, especially in those investors who were now informed that the SEC has declared Carolyn Anderson as a participant in the investment scheme through which they were defrauded.

37.     The *Vail Daily* Vail-widow-sued-for-scam article, as it was intended, had a transformative effect on at least one investor who elected to republish the Vail Daily article and who concluded that Carolyn Anderson had destroyed his financial future which instigated anger and feelings of retribution against Carolyn Anderson and, because the *Vail Daily* article unnecessarily published that Carolyn Anderson had moved to Ponte Vedra, Florida.

38.     On or about December 2017, one Investor sent an envelope to Plaintiff which included a short note accusing her of destroying his financial future as well as an 8.5" x 11" sheet upon which the Investor mounted the various headlines and references to Carolyn Anderson that were included on Pages 1, 10 and 11 of the *Vail Daily* article (Exhibit A).

39.     In about March 2018, in a remarkably despicable act, this same Investor mailed an anonymous and defamatory letter to more than 20 of Carolyn Anderson's new neighbors in Ponte Vedra, Florida which was maliciously calculated to damage the character and reputation of Carolyn Anderson among the members of her new community because it included the defamatory article with a completely inaccurate thesis that

Carolyn Anderson was part of the "investment scheme" that defrauded her close friends and was guilty of conduct that was illegal, improper, fraudulent, immoral and criminal.

40.    On an insert, which used a copy of previously described 8.5" x 11" sheet mounting the article cut from the November 16, 2017 *Vail Daily,* but had been copied on a sheet that was 8.5" x 14" and, on top of the page, the investor typed the following statements of fact:

_____

# <u>ATTENTION PONTE VEDRA RESIDENTS</u>
## BEWARE OF YOUR NEW NEIGHBOR

Last May, Carolyn Anderson relocated to your neighborhood (18 Lighthouse Point Circle) after fleeing Vail, Colorado where, over five years, she and her husband defrauded investors of $5.3 million dollars.  The injured parties were from both Colorado and Florida.

Carolyn is a compulsive liar, thief and skilled con artist.

Do not trust Carolyn or anyone associated with her.

(Copy of <u>*Vail Daily*</u> *Article from November 16, 2017)*

_____

41.    The Investors defamatory statements, which were added by the Investor to the top of the 8.5" x 14" sheet, were accompanied by an exact copy of the Vail Daily article which appeared to be authoritative and had dramatic statements of fact that characterizes Carolyn Anderson as dishonest, immoral, fraudulent and criminal (Exhibit B).

42.    The statements made, together with the defamatory *Vail Daily* article, included series of factual statements which defamed her and held her up to ridicule and

subjected her to shunned isolation. The statement that Plaintiff is a "compulsive liar," and also savagely stated that Carolyn was guilty of criminal misconduct as a "thief and skilled con artist," and of dishonesty in business.

43.    This purposeful defamation of Ms. Anderson has caused unspeakable damage to her reputation and standing in her small community. The malevolent communication to her neighbors has caused Carolyn Anderson, and her young children, to be shunned and looked upon with suspicion which created fear and severe emotional distress.  The gossip created by the defamation spread like wildfire to many community members, even those who had not received the insert.  Several neighbors, who were previously friendly and communicative, changed their conduct and the friendship with Carolyn and her children.  Several mothers who had previously encouraged their children to befriend Carolyn's children, after the defamatory communication, they precipitously abandoned those efforts, cancelled playdates and overnight stays and made excuses of why they were unavailable.

44.    Although the defamatory statements of fact in the Vail-widow-sued-for-scam article are provably false, the communication generated significant gossip, suspicion and, consequently, has caused Ms. Anderson significant personal and emotional distress. The purposeful targeting of Carolyn's immediate neighbors with your scandalous defamations, constitutes substantial evidence that the malevolent communication was to cause the maximum distress to Carolyn and her children.

45.    The Defendants intended this defamatory article to enhance the reputation of the *Vail Daily* and Staff Writer Randy Wyrick, and the publication of this article was, in part, responsible for the promotion of Randy Wyrick to Business Editor of the *Vail Daily.*

## COUNT ONE
## DEFAMATION FOR STATEMENTS

46.     Plaintiff repeats and re-alleges all the allegations in paragraphs 1 to 45 as if set forth fully herein.

47.     The Defendants published the defamatory Vail-widow-sued-for-scam article on November 16, 2017 for distribution and intended it to be republished and redistributed.

48.     The article contained the false and defamatory statements and libel per se allegations as previously described herein in Paragraphs 13 through 26.

49.     By such publication, the Defendants caused harm to Plaintiff's reputation and caused her significant emotional anguish.

50.     The Defendants publication of these false statements was negligent at a minimum.

51.     The Defendants had in their possession information that expressly contradicted each defamatory statements of fact made by the Defendants in the published Vail-widow-sued-for-scam article in the *Vail Daily* on November 16, 2017.

52.     The Defendants were negligent in failing to review and understand the allegations in the complaint filed by the SEC upon which the article was based and were negligent in failing to follow fundamental reporting practices and interview sources necessary for verifying the facts as set forth in the story.

53.     The Defendants were negligent in deciding to publish the "Vail woman sued for scam" article they knew, or should have known, that the analysis of the

SEC Complaint was extremely questionable at best, and outright false at worst.

54.     The Defendants published statements of fact concerning Carolyn Anderson which are defamatory because they easily led readers to identify Carolyn Anderson as dishonest, immoral, fraudulent and criminal.

55.     These allegations foreseeably would hurt Plaintiff in her daily life.

56.     The Defendant Colorado Mountain News Media, Co., through *Vail Daily,* assigned Randy Wyrick to write the article, and he was acting within the scope of his employment when he published the false and defamatory statements in the Vail-widow-sued-for-scam article and the Defendants participated in, authorized, and ratified Wyrick's work, writing and conduct.

57.     The false allegations in the Vail Daily article accuses the Plaintiff of crimes of moral turpitude and perpetuated the completely inaccurate thesis that Carolyn Anderson was part of the "investment scheme" that defrauded her close friends and was guilty of conduct that was illegal, improper, fraudulent, immoral and criminal and are defamation *per se.*

58.     As a direct and proximate result of these statements by the Defendants*,* Plaintiff has suffered damages, including, *inter alia,* injury to her reputation, embarrassment, humiliation, and emotional distress, in an amount to be determined by the jury at trial.

WHEREFORE**,** Plaintiff demands judgment in her favor for at least $2.5 Million for compensatory damages, the exact amount to be determined at trial, plus interest, costs, attorney's fees, and damages for Defendants' wanton, reckless, and intentional conduct.

**COUNT II**
**DEFAMATION FOR REPUBLISHED STATEMENTS**

59.     Plaintiff repeats and re-alleges all the allegations in paragraphs 1 to 45 as if set forth fully herein.

60.     The Defendants published the defamatory Vail-widow-sued-for-scam article on November 16, 2017 for distribution and they intended it to be republished and redistributed and it was reasonably foreseeable that the defamatory article would be republished.

61.     The article contained the false and defamatory statements and libel per se allegations as previously described herein in Paragraphs 13 through 26.

62.     By such publication, the Defendants caused harm to Plaintiff's reputation and caused her significant emotional anguish.

63.     The Defendants publication of these false statements was negligent at a minimum.

64.     The Defendants had in their possession information that expressly contradicted each defamatory statements of fact made by the Defendants in the published Vail-widow-sued-for-scam article in the *Vail Daily* on November 16, 2017.

65.     The Defendants were negligent in failing to review and understand the allegations in the complaint filed by the SEC upon which the article was based and were negligent in failing to follow fundamental reporting practices and interview sources necessary for verifying the facts as set forth in the story.

66.     The Defendants were negligent in deciding to publish the "Vail woman

sued for scam" article they knew, or should have known, that the analysis of the SEC Complaint was extremely questionable at best, and outright false at worst.

67.    The Defendants published statements of fact concerning Carolyn Anderson which are defamatory because they easily led readers to identify Carolyn Anderson as dishonest, immoral, fraudulent and criminal.

68.    These allegations foreseeably would hurt Plaintiff in her daily life and it is reasonably foreseeable that the Vail-widow-sued-for-scam article would be republished and distributed to third parties who would know or be aware of Carolyn Anderson and would be interested in knowing that she was guilty of conduct that is dishonest, immoral, fraudulent and criminal.

69.    The Defendant Colorado Mountain News Media, Co., through *Vail Daily,* assigned Randy Wyrick to write the article, and he was acting within the scope of his employment when he published the false and defamatory statements in the Vail-widow-sued-for-scam article and the Defendants participated in, authorized, and ratified Wyrick's work, writing and conduct.

70.    The false allegations in the Vail Daily article accuses the Plaintiff of crimes of moral turpitude and perpetuated the completely inaccurate thesis that Carolyn Anderson was part of the "investment scheme" that defrauded her close friends and was guilty of conduct that was illegal, improper, fraudulent, immoral and criminal and are defamation *per se.*

71.    As a direct and proximate result of these false statements of fact by the Defendants*,* and the foreseeability of republication, Plaintiff has suffered damages, including, *inter alia,* injury to her reputation, embarrassment, humiliation, and

emotional distress, fear and PTSD in an amount to be determined by the jury at trial.

WHEREFORE, Plaintiff demands judgment in her favor for at least $2.5 Million for compensatory damages, the exact amount to be determined at trial, plus interest, costs, attorney's fees, and damages for Defendants' wanton, reckless, and intentional conduct.

### COUNT III
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

72.    Plaintiff repeats and re-alleges all the allegations in paragraphs 1 to 46 as if set forth fully herein.

73.    Defendants were, at the very least, negligent in publishing the Vail-widow-sued-for-scam article and negligent in to review the SEC Complaint and the SEC Press Release and these sources were ignored and no additional examinations were made despite that the fact that the statements of fact accused Ms. Anderson of conduct that was illegal, improper, fraudulent, immoral and criminal and are defamation *per se* and the editors knew or should have known that the published accounts were untrue and they failed to conduct a proper investigation with regard to how Plaintiff that would be affected by the false accusations in the article.

74.    Defendants did not exercise due care and recklessly disregarded standards of professional judgment in failing to review the SEC complaint and the SEC Press Release and the Vail PD's investigation concerning Quinn Sypniewski.

75.    It was reasonably foreseeable that these negligent actions would cause the Plaintiffs mental anguish and severe emotional distress as the Vail-widow-sued-for-scam article made statements of fact that Carolyn Anderson was guilty of conduct that was illegal, improper, fraudulent, immoral and criminal and are defamation *per se.*

76.     Defendants' negligence did in fact cause the Plaintiff mental anguish and severe emotional distress, fear and PTSD as well as irreparable injuries to her reputation, disruption to her daily life, and other injuries.

77.     Defendant Wyrick's conduct was performed within the scope of his employment and Colorado Mountain News Media, Co., through *Vail Daily,* participated in, authorized, ratified, and condoned Wyrick's conduct.

WHEREFORE, Plaintiff demands judgment in her favor for at least $2.5 Million for compensatory damages, the exact amount to be determined at trial, plus interest, costs, attorney's fees, and damages for Defendants' wanton, reckless, and intentional conduct.

## JURY DEMAND

60.     The Plaintiff demands trial by jury on all issues to which she is entitled.

Dated:  November 14, 2017

Respectfully submitted,

s/ Gerald J. Houlihan
   Gerald J. Houlihan
HOULIHAN & PARTNERS, P.A.
1825 Ponce de Leon Boulevard, Suite 602
Miami, Florida 33134
Telephone:   (305) 460-4091
Email: houlihan@houlihanlaw.com

Attorneys for Plaintiff Carolyn Anderson