IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 18-cv-02934-CMA-STV

CAROLYN ANDERSON,

    Plaintiff,

v.

COLORADO MOUNTAIN NEWS MEDIA, CO. and
RANDY WYRICK,

    Defendants.

---

**ORDER DENYING MOTION FOR RECONSIDERATION**

---

This matter is before the Court on Defendants' Motion for Reconsideration of Order Adopting and Affirming Recommendation of Magistrate Judge ("Motion for Reconsideration"). (Doc. # 56.) Plaintiff filed a Response (Doc. # 58) to the Motion on January 24, 2020, and Defendants file a Reply (Doc. # 58) on February 7, 2020. For the following reasons, Defendants' Motion for Reconsideration is denied.

### I.    BACKGROUND

The Court recounted the facts of this case in its Order Adopting and Affirming Recommendation of United States Magistrate Judge ("December 18 Order"). (Doc. # 55 at 1–4.) Those facts are incorporated by reference. Accordingly, this Order will reiterate the factual background only to the extent necessary to address Defendants' Motion for Reconsideration.

In November 2017, Vail Daily published an article ("the Article") written by Defendant Wyrick, which described a fraudulent scheme that had been orchestrated by Plaintiff's late husband. The Article created the impression that Plaintiff was materially involved in the scheme through statements such as, "[t]he [SEC] sued [Plaintiff] . . . claiming that **she and husband** Michael Anderson scammed 18 investors out of more than $5.3 million . . . ." (Doc. # 1-1 at 2) (emphasis added). Plaintiff alleges that the statements in the Article were false and defamatory.

Defendants filed a Motion to Dismiss on March 21, 2019. (Doc. # 34.) On December 18, 2019, this Court issued an Order that denied Defendants' Motion as to Plaintiff's defamation claims. (Doc. # 55 at 16.) The Court concluded:

> Plaintiff's defamation claims pertain to a matter of public concern, which subjects her claims to a heightened burden of proof. Plaintiff has met her burden for purposes of a 12(b)(6) motion because her Amended Complaint clearly and convincingly establishes material falsity, actual malice, and actual damages.

(*Id*. at 15.) The instant Motion for Reconsideration followed.

## II.     LEGAL STANDARD

While the Federal Rules of Civil Procedure do not provide for a motion to reconsider an interlocutory ruling, district courts have broad discretion to reconsider their interlocutory rulings before entry of judgment. *See Rimbert v. Eli Lilly & Co.*, 647 F.3d 1247, 1251 (10th Cir. 2011); Fed. R. Civ. P. 54(b) ("[A]ny order . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment."). Thus, a court can alter its interlocutory orders even where the more stringent requirements applicable to a motion

to alter or amend a final judgment under Rule 59(e), or a motion for relief from judgment brought pursuant to Rule 60(b), are not satisfied. *Spring Creek Expl. & Prod. Co., LLC v. Hess Bakken Inv., II, LLC*, 887 F.3d 1003, 1024 (10th Cir. 2018).

"Notwithstanding the district court's broad discretion to alter its interlocutory orders, the motion to reconsider 'is not at the disposal of parties who want to rehash old arguments.'" *Hale v. Marques*, No. 19-cv-0752-WJM-SKC, 2020 WL 1593339, at *3 (D. Colo. Mar. 30, 2020) (quoting *Nat'l Bus. Brokers, Ltd. v. Jim Williamson Prods., Inc.*, 115 F. Supp. 2d 1250, 1256 (D. Colo. 2000)). "Rather, as a practical matter, to succeed in a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Id*. "A motion to reconsider should be denied unless it clearly demonstrates manifest error of law or fact or presents newly discovered evidence." *Id*.; *see Sanchez v. Hartley*, No. 13-cv-1945-WJM-CBS, 2014 WL 4852251, at *2 (D. Colo. Sept. 30, 2014) (refusing to reconsider an interlocutory order where the defendants did not show "an intervening change in the law, newly discovered evidence, or the need to correct clear error or manifest injustice"). The Court may be guided by Rules 59 and 60 standards in deciding whether to alter or vacate an interlocutory order. *Perkins v. Fed. Fruit & Produce Co. Inc.*, 945 F. Supp. 2d 1225, 1232 (D. Colo. 2013).

### III.   ANALYSIS

Defendants' Motion for Reconsideration relates to the Court's determination that the Article is materially false for purposes Federal Rule of Civil Procedure 12(b)(6). Specifically, Defendants reassert their argument that the Article is substantially true

because the SEC "had **insinuated** that Plaintiff was a knowing participant in/beneficiary of her late husband's fraudulent scheme" in its complaint and other filings. (Doc. # 56 at 2) (emphasis added). Defendants attempt to bolster their argument by citing statements attributable to Plaintiff that the SEC "made [it] look like" she was "part of" her late husband's scheme. (*Id.*)

As the Court noted in the December 18 Order, "[a]fter reading the Article, a reader would conclude that the SEC was suing Plaintiff for securities fraud. That is false." (Doc. # 55 at 11.) The Court determined that "reasonable people would think significantly less favorably about Plaintiff than they would if they knew the truth—i.e., that various private investors, rather than the SEC, were suing Plaintiff." (*Id.*) Similarly, reasonable people would think significantly less favorably about Plaintiff:

- if they thought "[t]he [SEC] sued [Plaintiff] . . . **claiming that she** and husband Michael Anderson **scammed** 18 investors out of more than $5.3 million;"
- than if they knew the truth—i.e., that Plaintiff was named as a relief defendant in a case the SEC filed, the SEC **did not claim that she scammed anyone**, but one could arguably insinuate that she may have been "involved" in the scheme based on the SEC's allegations.

(Doc. # 1-1 at 2) (emphasis added). The Court's determination is supported by the fact that, at the motion to dismiss stage, the Court views the facts "in the light **most favorable** to the plaintiff," which makes the difference between the Article and the truth even clearer. *See Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (emphasis added) (citations omitted).

4

Moreover, the material falsity legal standard is objective and depends how a "reasonable member of the community" would view an individual when comparing an incorrect publication with the truth. *See Bustos v. A & E Television Networks*, 646 F.3d 762, 767 (10th Cir. 2011). Thus, Plaintiff's subjective opinion about the facts underlying the Article is not relevant to the material falsity inquiry. Notably, Defendants have not cited any authority suggesting otherwise. Therefore, Defendants have not shown any grounds that would warrant reconsideration of the Court's December 18 Order.

## IV.    **CONCLUSION**

Based on the foregoing, the Court ORDERS that Defendants' Motion for Reconsideration (Doc. # 56) is DENIED.

DATED: May 7, 2020

BY THE COURT:

*[signature]*
CHRISTINE M. ARGUELLO
United States District Judge